IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REGINALD DINO GILMORE, | : | |
| | : | |
| PETITIONER | : | |
| | : | NO. 5:06-CV-200 (CAR) |
| VS. | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| HUGH SMITH, WARDEN, | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| RESPONDENT | : | **O R D E R** |

     Petitioner **REGINALD DINO GILMORE** originally filed the instant application for writ of habeas corpus under 28 U.S.C. § 2254 in the Northern District of Georgia. On or about May 26, 2006, the petition was transferred to the undersigned judge from the Northern District without any action taken on petitioner's request to proceed *in forma pauperis*. As it appears petitioner is unable to pay the cost of commencing this action, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

     IT IS HEREBY ORDERED that **WITHIN THIRTY (30) DAYS**, the petitioner shall amend his petition to include every unalleged possible constitutional error or deprivation entitling petitioner to habeas relief in this court, failing which petitioner will be presumed to have deliberately WAIVED his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition. If amended, petitioner will be presumed to have deliberately WAIVED his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition, as amended.

     IT IS HEREBY FURTHER ORDERED that respondent make answer to the allegations of the petition and any amendments, filing the same with the clerk of this court WITHIN SIXTY (60) DAYS after service of this order. The answer must comply with Rule 5, 28 U.S.C.A. foll. § 2254 (West 1977)[1] and shall include the following (if applicable):

     (1) trial transcript or guilty plea transcript of petitioner's State court conviction;

     (2) transcript of petitioner's State habeas hearing;

     (3) copy of the decisions of the State habeas and appellate courts; and,

     (4) if the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's and respondent's brief on appeal and of the opinion of the appellate court, if any, as to each proceeding.

     All of the submitted transcripts shall be certified.

Either with the filing of the answer or WITHIN FIFTEEN (15) DAYS after the answer is filed, **THE RESPONDENT SHALL MOVE FOR THE PETITION TO BE DISMISSED OR SHALL EXPLAIN IN WRITING TO THE COURT WHY THE PETITION CANNOT BE ADJUDICATED BY A MOTION TO DISMISS.**

Petitioner and respondent shall submit to the court their respective briefs of law within the aforementioned sixty (60) day period.  In the event respondent submits a **motion to dismiss** prior to filing a brief, and that motion is denied, respondent shall then have thirty (30) days after service upon him of the order denying said motion in which to file the required brief, transcripts, and answer (if not already filed).  The briefs of law shall be no longer than fifty (50) typewritten pages double-spaced on letter-sized paper.  Petitioner and respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

**NO DISCOVERY SHALL BE COMMENCED BY EITHER PARTY WITHOUT THE EXPRESS PERMISSION OF THE COURT.**  Rule 6, 28 U.S.C.A. foll. § 2254 (West 1977).  Unless and until petitioner demonstrates to this court that the State habeas court's factfinding procedure was not adequate to afford a full and fair evidentiary hearing or that the State habeas court did not afford the opportunity for a full, fair, and adequate hearing, this court's consideration of petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the State trial, habeas, and appellate courts.  After the filing of the answer and the motion to dismiss, the court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

IT IS FURTHER ORDERED that a copy of this order be served upon the petitioner, and that a copy of the petition and this order be served upon the respondent by certified mail; and that a copy of the petition and this order be sent to the Attorney General of the State of Georgia.  *Pro se* petitioners shall keep the clerk of this court advised at all times of any change of address.  Failure to do so may result in the dismissal of this action.  The clerk is further DIRECTED to send to all parties a copy of this court's standing order referring the within case to Claude W. Hicks, Jr., United States Magistrate Judge.

**SO ORDERED**, this 14th day of June, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 5. Answer; Contents.  The answer shall respond to the allegations of the petitioner. In addition it shall state whether petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also his right to appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. The answer shall indicate what transcripts (of pretrial, trial sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer.