IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| REGINALD DINO GILMORE,<br><br>                 Petitioner<br><br>VS.<br><br>HUGH SMITH, Warden,<br><br>                 Respondent | NO. 5:06-CV-200 (CAR)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

      Respondent HUGH SMITH herein has filed a motion pursuant to 28 U.S.C. §2244(d) seeking DISMISSAL of the above-captioned action filed by the petitioner under 28 U.S.C. §2254, alleging that the petition is untimely filed under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Tab #15. The respondent's Motion is supported by a brief (Tab #16) and a number of exhibits (Tab #17). After being advised of his right to do so, petitioner REGINALD DINO GILMORE responded to the respondent's motion.

      Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

    *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The respondent has demonstrated to the court that petitioner Gilmore pled guilty to five counts of a fifteen count indictment on September 19, 1996. Since the petitioner did not file a direct appeal, his conviction became final on October 21, 1996 – thirty days after his conviction – pursuant to O.C.G.A. §5-6-38. Thus, Gilmore had one year from October 21, 1996 to file for federal habeas corpus relief or file for an appropriate state remedy which would toll the federal limitations period. Petitioner Gilmore did not file for state habeas corpus relief until July 1, 1999, which was well after the one year limitations period expired.

Gilmore's response to the motion alleges that he was provided poor representation by a lawyer from the Center for Prisoner's Legal Assistance in the time period between his state habeas action and his filing of the instant federal petition. However, petitioner Gilmore does not account at all for the two and a half years between his conviction's becoming final and his filing of a state habeas petition. Therefore, the AEDPA's one year limitations period was not tolled during that time and his instant federal petition is untimely.

Accordingly, IT IS RECOMMENDED that the respondent's motion to dismiss (Tab #15) be GRANTED and the instant case be DISMISSED as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**The Clerk is directed to serve petitioner at the <u>LAST</u> <u>ADDRESS</u> <u>provided</u> <u>by</u> <u>him</u>.**

SO ORDERED, this 7th day of NOVEMBER, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE